UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
EUNICE JUN,                                              :
                              Plaintiff,                 :
                                                         :
              -against-                                  :          **COMPLAINT**
                                                         :
CENTRAL PARK WEST DENTAL STUDIO, PLLC,                   :
NUANCE DENTAL STUDIO, PLLC,                              :
and GENEVIEVE FERNANDES,                                 :
                                                         :
                              Defendants.                :
-----------------------------------------------------------------------X

Plaintiff EUNICE JUN ("JUN," or "plaintiff"), by her attorneys, Braverman Law PC,

complaining of CENTRAL PARK WEST DENTAL STUDIO, PLLC, NUANCE DENTAL

STUDIO, PLLC, and DR. GENEVIEVE FERNANDES, DDS (collectively, "defendants"), allege:

## NATURE OF THE ACTION

1.      This action is brought to recover unpaid overtime wages, and other monies

pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and New York

Labor Law § 190, *et seq.* ("NYLL").

## JURISDICTION

2.      This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. §

216(b), 28 U.S.C. § 1331 and 28 U.S.C. § 1337, and has supplemental jurisdiction over

plaintiff's claims under the NYLL pursuant to 28 U.S.C. § 1367.

## VENUE

3.      Venue is proper in the Southern District of New York under 28 U.S.C. § 1391,

because a substantial part of the events or omissions giving rise to the claims herein occurred in

the District.

## THE PARTIES

**Plaintiff**

4.     Plaintiff JUN is an individual who resides in New York, New York.

**defendants**

5.     Defendant CENTRAL PARK WEST DENTAL STUDIO, PLLC ("CPW DENTAL") is a professional limited liability company organized under the laws of the State of New York, having its process address at 350 Central Park West #1e, New York, NY 10025, and having its principal place of business at the same address, within the jurisdiction of the Court, where it is engaged in the business of a dental practice.

6.     Defendant NUANCE DENTAL STUDIO, PLLC ("NUANCE DENTAL") is a professional limited liability company organized under the laws of the State of New York that has its principal place of business at 30 E 60th St #603, New York, NY 10022, within the jurisdiction of this Court, where it is engaged in the business of a dental practice.

7.     The defendant businesses referenced in paragraphs 5 through 6 above (collectively, the "corporate defendants") have regulated the employment of all persons employed by them, acted directly and indirectly in the companies' interest in relation to the employees, and thus are employers of the employees within the meaning of Section 3(d) of the FLSA.

8.     Upon information and belief, defendant GENEVIEVE FERNANDES is the President and owner of defendants CPW DENTAL and NUANCE DENTAL and is in active control and management of all the corporate defendants. Defendant GENEVIEVE FERNANDES has authority to and does hire, fire, supervise, set the hours and compensation of employees, and otherwise has acted directly and indirectly in the interest of all of the corporate defendants in relation to employees during the relevant time period. She is thus an employer of

plaintiff within the meaning of Section 3(d) of the FLSA.

## Defendants Are an Enterprise Engaged in Commerce

9.      The business activities of defendants, as described herein, are related and performed through common control for a common business purpose and constitute an enterprise within the meaning of Section 3(r) of the FLSA.

10.     The corporate defendants have common and centralized operational management and ownership by individual defendant GENEVIEVE FERNANDES, who, upon information and belief, is the owner of all corporate defendants.

11.     Upon information and belief, in addition to common ownership, the corporate defendants shared, common employees, including Plaintiff Jun, who frequently worked at both offices in the same workweek.

12.     The enterprise (and each individual corporate defendant) has had annual gross volume of sales made or business done in an amount not less than $500,000 for the period covered by this Complaint. The enterprise has employees handling, selling, and working on goods or materials that have been moved in or produced for commerce, including dental equipment. Therefore, the employees are employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA.

## ALLEGATIONS CONCERNING PLAINTIFF'S EMPLOYMENT

13.     From approximately January 8, 2018 until the end of her employment, on or around March 31, 2019, plaintiff Jun worked as a dental assistant for the defendants. Jun typically worked five or six days a week, often approximately 8 hours a day, but more than 8 hours a day with some frequency.

14.     Her pay rate began at $18.00 per hour, increased to $20.00 per hour in

approximately April 2018 and then increased to $23.00 per hour by October 2018.

15.     Plaintiff Jun frequently worked hours for which she did not receive any compensation. For example, during the period from January 8, 2018 until January 21, 2018, Jun worked approximately 4 hours for which she did not receive any compensation.

16.     In almost all of her workweeks for the defendants, there was some time for which plaintiff Jun worked but for which she was not paid.  In short, the defendants engaged in systematic "time shaving."

17.     For much of her time employed by Defendants, Plaintiff Jun worked at both CPW DENTAL and NUANCE DENTAL in the same workweek.

18.     There were many workweeks when, in aggregating the hours that Jun worked for both corporate defendants, Jun worked in excess of forty hours.

19.     For example, during the workweek beginning on Monday October 22, 2019, Jun worked a total of 50 hours.

20.     However, she was paid at her regular hourly rate for all hours that she worked, failing to receive any additional premium for the hours over forty that she worked in a workweek.

21.     Defendants did not pay Jun at the rate of one and one-half (1 ½) times her hourly wage rate for hours worked in excess of forty per workweek.

22.     Defendants did not furnish Jun with a wage notice at the time of her hiring or whenever there was a change in her wage rate, and nor did defendants furnish her with accurate wage statements at the time of payment.

## FIRST CLAIM
### (FLSA – Unpaid Overtime Wages)

23.     Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth

herein.

24.     Defendants were required to pay plaintiff one and one-half (1½) times the regular rate at which plaintiff was employed for all hours worked in excess of forty hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA.

25.     Defendants failed to pay plaintiff the overtime wages to which she was entitled under the FLSA.

26.     Defendants willfully violated the FLSA by knowingly and intentionally failing to pay plaintiff overtime wages.

27.     Due to defendants' violations of the FLSA, plaintiff is entitled to recover her unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

**SECOND CLAIM**
**(NYLL – Unpaid Overtime Wages)**

28.     Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

29.     Under the NYLL and supporting NYDOL Regulations, defendants were required to pay plaintiff one and one-half (1 ½) times the regular rate of pay for all hours she worked in excess of forty per workweek.

30.     Defendants failed to pay plaintiff the overtime wages to which she was entitled under the NYLL.

31.     Defendants willfully violated the NYLL by knowingly and intentionally failing to pay plaintiff overtime wages.

32.     Due to defendants' willful violations of the NYLL, plaintiff is entitled to recover her unpaid overtime wages, reasonable attorneys' fees and costs of the action, liquidated damages

and pre-judgment and post-judgment interest.

## THIRD CLAIM
### (NYLL – Failure to Pay for All Hours Worked)

33.     Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

34.     Under the NYLL and supporting NYDOL Regulations, defendants were required to pay plaintiff for all hours she worked.

35.     Defendants failed to pay plaintiff the wages to which she was entitled under the NYLL.

36.     Defendants willfully violated the NYLL by knowingly and intentionally failing to pay plaintiff such wages.

37.     Due to defendants' willful violations of the NYLL, plaintiff is entitled to recover her unpaid wages, reasonable attorneys' fees and costs of the action, liquidated damages and pre-judgment and post-judgment interest.

## FOURTH CLAIM
### (NYLL – Violation of § 191)

38.     Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

39.     Under the NYLL and supporting NYDOL Regulations, plaintiff was a "manual worker" in that more than 25% of her time was spent performing physical tasks, such as cleaning dental equipment, and cleaning the office.

40.     Under New York Labor Law § 191 manual workers must be paid on a weekly basis and not later than seven calendar days after the end of the week in which the wages are earned. However, plaintiff was paid every two weeks.  She was not paid within seven days after the end

6

of each workweek in which wages were earned as required by NYLL § 191.

41.     Defendants willfully failed to pay plaintiff as frequently as required by NYLL § 191.

42.     Due to defendants' willful violations of NYLL § 191, plaintiff is entitled to recover her liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

**FIFTH CLAIM**
**(NYLL Wage Theft Prevention Act – Failure to Provide Wage Notice)**

43.     Plaintiffs repeat and re-allege all foregoing paragraphs as if fully set forth herein.

44.     The NYLL and the Wage Theft Prevention Act ("WTPA") require employers to provide all employees with a written notice of wage rates at the time of hire and whenever there is a change to an employee's rate of pay.

45.     In violation of NYLL § 195(1), defendants failed to furnish to plaintiff at the time of hiring, or whenever her rate(s) of pay changed, with a wage notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of the NYLL § 195(1).

46.     Due to defendants' violation of NYLL § 195(1), plaintiff is entitled to recover from defendants liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-b).

## SIXTH CLAIM
### (NYLL Wage Theft Prevention Act – Failure to Provide Wage Statements)

47.     Plaintiff repeats and re-alleges all foregoing paragraphs as if fully set forth herein.

48.     The NYLL and WTPA also require employers to provide employees with an accurate wage statement each time they are paid.

49.     Defendants failed to furnish plaintiff with each payment of wages an accurate statement listing:  the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of the NYLL § 195(3).

50.     Due to defendants' violation of NYLL § 195(3), plaintiff is entitled to recover from defendants liquidated damages, reasonable attorney's fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-d).

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that this Court enter a judgment:

a.     awarding plaintiff unpaid overtime wages;

b.     awarding plaintiff pay for all hours worked in accordance with the NYLL;

c.     awarding plaintiff damages for defendants' failure to pay her timely in accordance with NYLL § 191;

d.     awarding plaintiffs liquidated damages in an amount equal to the total amount of the wages found to be due or as otherwise required by law;

e.     awarding plaintiffs statutory damages as a result of defendants' failure to furnish

accurate wage statements and annual notices pursuant to the NYLL;

     f.     awarding plaintiffs pre- and post-judgment interest under the NYLL;

     g.     awarding plaintiffs reasonable attorneys' fees and costs pursuant to the FLSA and

the NYLL; and

     h.     awarding such other and further relief as the Court deems just and proper.

Dated:     New York, New York
            December 21, 2019

                                      BRAVERMAN LAW PC

                                      By:_____/s/_____
                                          Adam Braverman, Esq.
                                      450 Seventh Avenue, Ste. 1308
                                      New York, NY 10123
                                      (212) 206-8166
                                      adam@bravermanlawfirm.com

                                      *Attorneys for Plaintiff*