# Exhibit 1

# SETTLEMENT AGREEMENT AND RELEASE

THIS SETTLEMENT AGREEMENT AND RELEASE (this "Agreement") is entered into as of June __, 2020, to be effective upon the Effective Date (defined below), by and among Plaintiff Eunice Jun ("Plaintiff" or "Jun"), and Central Park West Dental Studio, PLLC ("CPW Dental", Nuance Dental Studio, PLLC ("Nuance Dental", and Genevieve Fernandes ("Fernandes" and, together with CPW Dental and Nuance Dental, the "Defendants"). Jun, CPW Dental, Nuance Dental and Fernandes shall each be referred to herein individually as a "Party" and collectively as the "Parties".

WHEREAS, Jun commenced an action (*Jun v. Central Park West Studio, PLLC, et al.*, 19 Civ. 11716 (LGS) (the "Federal Action") against the Defendants; and

WHEREAS, the Parties mutually desire to avoid further litigation and to enter into this Agreement to settle all disputes between them amicably in accordance with the terms and conditions of this Agreement;

NOW, THEREFORE, in consideration for the covenants and obligations provided for herein, the sufficiency of which the Parties hereby acknowledge, the Parties hereby agree as follows:

1. <u>Effective Date</u>. The "Effective Date" of this Agreement shall be the date that the Court grants the Parties' application to accept this Agreement and dockets that decision on the Court's ECF system.

2. <u>No Admission of Liability</u>. Plaintiff and Defendants recognize and agree that Defendants, as a part of this Agreement between the Parties, do not admit any violation of law or any liability to Plaintiff or to anyone else as a result of or arising out of the matters set forth in the Federal Action, or which could have been raised in such suit, Plaintiff's employment

relationship with Defendants, Plaintiff's separation of employment with Defendants, and / or otherwise.

3. <u>Dismissal of Federal Action</u>. For and in consideration of the promises outlined in Paragraph 4, Plaintiff agrees (1) to file a stipulation and order of dismissal with prejudice, and (2) not to re-file these causes of action arising from matters that were encompassed or raised in the Federal Action.

4. <u>Consideration</u>. Upon full execution of this Agreement and the Court's approval of it, Defendants agree to pay Defendants the total sum of Four Thousand Five Hundred Dollars ($4,500.00) (the "<u>Settlement Payment</u>") in installments by delivering to Braverman Law PC one check payable to Plaintiff and one check payable to Braverman Law PC for the amounts and by each date set forth below, it being understood that the payments to Jun shall be less applicable payroll taxes and withholdings, as they represent wages due her.

| **Payment Due Date** | **Installment Amount** | **Eunice Jun** | **Braverman Law PC** |
|---|---|---|---|
| June 15, 2020 | $1,500.00 | $1,000.00 | $500.00 |
| July 15, 2020 | $1,500.00 | $1,000.00 | $500.00 |
| August 15, 2020 | $1,500.00 | $1,000.00 | $500.00 |
| Total | **$4,500.00** | **$3,000.00** | **$1,500.00** |

If the Court does not approve this Agreement by June 15, 2020, the dates set forth above shall not be postponed, rescheduled, or otherwise altered, but Braverman Law PC shall hold such checks in escrow pending Court approval. Jun shall provide Defendants completed IRS Forms W4 and W9, and Braverman Law PC shall provide Defendants with Form W9.

5. <u>Confession of Judgment; Default</u>.

A. Defendant Fernandes, on behalf of herself and on behalf of CPW Dental an

Nuance Dental, agrees to execute a confession of judgment, admitting that in the event that Defendants default on their payment obligations under this Agreement, and fail to cure such default within the cure period (as set forth in Section 5.B below), any remaining installment payments of the Settlement Amount shall be accelerated and the entire unpaid balance shall become immediately due to Plaintiff plus liquidated damages in an amount of Three Thousand Dollars ($3,000.00). Defendants agree to deliver the fully executed and notarized original Confession of Judgment contemporaneously with Defendants' execution of this Agreement to Braverman Law PC. Braverman Law PC will hold said Confession of Judgment in escrow and will only file it if Defendants fail to comply with the payment of any part of the Settlement Payment, as set forth in Section 4 above, and Defendants have not cured any such failure as set forth in Section 5(B) below. Upon receipt of all of the payments of the Settlement Payment, as set forth in Section 4 above, Braverman Law PC shall destroy Defendants' Confession of Judgment.

  B. If Defendants fail to timely make any of the payments described above, in Section, or if any payment check fails to clear (i.e., bounces) on its respective payment date, Plaintiff's counsel shall provide, by e-mail, a notice to cure to Defendants' office manager and representative, Daniel Rudick (dhr@cpwdentalstudio.com). Defendants shall cure the default within seven (7) days from the date on which the notice was sent. If the default is not cured within the seven (7)-day period, all outstanding and unpaid installment payments specified in Section 4 will be accelerated and the entire unpaid balance become due immediately and Plaintiffs shall have the unqualified right to enter or file the Confession of Judgment against Defendants in the United States District Court for the Southern District of New York, or other court with jurisdiction or Clerk's Office, for the amounts set forth in the Confession of

Judgment. In addition, Defendants shall be liable to the Plaintiff for her reasonable attorneys' fees in regard to the enforcement of this Agreement and the collection of monies due thereafter.

6. <u>Plaintiff's Releases of Wage and Hour Claims</u>. In consideration of the promises and actions of Defendants set out in this Agreement, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, except for the Defendants' obligations under this Agreement, Plaintiff hereby waives, releases, satisfies, and discharges, on her own behalf and on behalf of anyone who could claim by and through her, Defendants, including their predecessors, successors, agents, owners, and assigns (collectively, the "<u>Releasees</u>"), of and from any and all claims for damages, salaries, wages, compensation, spread-of-hours pay, statutory damages, minimum wage and overtime compensation, monetary relief, and any other benefits of any kind, earnings, back pay, liquidated, and other damages, interest, attorneys' fees, and costs, for any claim brought, or that could have been brought, under the Fair Labor Standards Act ("FLSA"), the New York Labor Law, the Wage Theft Prevention Act, and / or any local, state, or federal wage statute, code, or ordinance, relating to wage and hour claims raised, or that could have been raised, in the Federal Action.

7. <u>No Charges Exist and No Charges Will be Filed for Released Claims</u>. Plaintiff represents that, other than the Federal Action, she does not currently have pending before any court (U.S. or foreign) or before any federal, state, or local governmental agency (U.S. or foreign), including the United States Department of Labor and the New York Department of Labor, any dispute, charge or claim of any kind against the Releasees. Plaintiff agrees that any claim that is brought for claims released by this Agreement, will be automatically dismissed, and the Releasees will be entitled to reasonable costs and reasonable attorneys' fees incurred in defending against any such claims/charges.

8. <u>Attorneys' Fees and Costs</u>. It is agreed that each Party shall bear its own costs and attorneys' fees incurred in negotiating and preparing this Agreement and in connection with the Federal Action, except as otherwise specifically set forth herein.

9. <u>Voluntary Settlement</u>. Plaintiff hereby represents and warrants that she has entered into this Agreement of her own free will and accord and believes that it represents a fair and reasonable compromise.

10. <u>No Other Representations or Agreements</u>. Each Party acknowledges that, except as expressly set forth herein, no representations of any kind or character have been made by any other Party or Parties, agents, or representatives to induce the execution of this Agreement. This Agreement constitutes a single integrated contract expressing the entire agreement between the Parties.

11. <u>No Modification Except in Writing</u>. This Agreement cannot be modified or changed except by a writing, signed by the Parties, with specific reference to this Agreement.

12. <u>Execution in Counterparts and by Fax, .pdf or Other Electronic Format</u>. This Agreement may be executed in counterpart by each party and all executed copies of the Agreement, when taken together, shall constitute a complete Agreement. A facsimile, .pdf or other electronic format version of this Agreement originally executed shall be accepted and enforceable as if it was an original.

13. <u>Retention of Jurisdiction</u>. The United States District Court for the Southern District of New York shall retain jurisdiction over the Federal Action for purposes of enforcing the terms of this Agreement.

15. <u>General Acknowledgments of Plaintiff</u>. Plaintiff understands, represents, and agrees that she:

   (A) Has carefully read and fully understood all of the provisions of this Agreement;

   (B) Is, through this Agreement, releasing Defendants from any and all possible wage and hour claims that Plaintiff may have against them, including the claims in the Federal Action;

   (C) Knowingly and voluntarily agrees to all of the terms set forth in this Agreement;

   (D) Knowingly and voluntarily intends to be legally bound by this Agreement;

   (E) Was advised to consider the terms of this Agreement with counsel, and have consulted with counsel prior to executing this Agreement; and

   (F) Is duly authorized and have full authority to execute thisAgreement.

[Signature Page To Follow.]

IN WITNESS WHEREOF, the Parties hereto, by their duly authorized representatives, have executed this Agreement as of the day and year first above written.

Plaintiff:

_____
Eunice Jun

Defendants:

CENTRAL PARK WEST DENTAL STUDIO, PLLC

By: _____
Name: Dr. Genevieve Fernandes
Title: President

NUANCE DENTAL STUDIO, PLLC

By: _____
Name: Dr. Genevieve Fernandes
Title: President

_____
Genevieve Fernandes

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
EUNICE JUN,

                         Plaintiff,

-against-                                 19-cv-11716

CENTRAL PARK WEST DENTAL STUDIO, PLLC,      **AFFIDAVIT OF**
NUANCE DENTAL STUDIO, PLLC,                         **CONFESSION**
and GENEVIEVE FERNANDES,                             **OF JUDGMENT**

                        Defendants.
-------------------------------------------------------------X

STATE OF NEW YORK       )
                               ) ss:
COUNTY OF NEW YORK  )

Genevieve Fernandes, being duly sworn, deposes and says:

    1.    I, Genevieve Fernandes, am the owner of Central Park West Dental Studio, PLLC ("CPW Dental") and Nuance Dental Studio PLLC ("Nuance Dental") and reside at _350 CPW 1E New York NY 10025_.

    2.    I have authority to sign on behalf of myself, and on behalf of CPW Dental and Nuance Dental, and am duly authorized to make this Affidavit of Confession of Judgment on my own behalf and on behalf of CPW Dental and Nuance Dental. I hereby confesses judgment and authorize entry of judgment against myself andCPW Dental and Nuance Dental(collectively, "Defendants"), jointly and severally, in favor of Plaintiff for the sum of (i) Four Thousand Five Hundred Dollars ($4,500.00), less (ii) the amount for the payments already made, plus (iii) the sum of Three Thousand Dollars ($3,000.00) pursuant to the terms of the Settlement Agreement (the "Settlement Agreement"), entered into and signed by Plaintiff and Defendants in the above-captioned proceeding, together with pre-judgment interest at the rate of 9% per annum (starting from the date of default of the Settlement Agreement), and reasonable attorneys' fees and costs

incurred in entering and enforcing the judgment against

3. This Confession of Judgment is for a debt justly due to Plaintiff pursuant to the Settlement Agreement.

4. The Settlement Agreement arises out of the above-captioned action, which was settled pursuant to a written agreement approved by the United States District Court, Southern District of New York.

5. I hereby represent my understanding that upon Defendants' breach of the Settlement, Plaintiff shall have the unqualified right to cause this Confession of Judgment to be docketed and entered in this Court or any other court of proper jurisdiction as a judgment against Defendants, jointly and severally, against all property, of any kind, in which I and the corporation stated herein, collectively or individually, have any ownership interest.

6. The original of this Affidavit of Confession of Judgment shall remain in the possession of Plaintiff's counsel, Braverman Law PC, and the original shall be destroyed upon completion of the payment obligations contained in the annexed Agreement.

_____
Geneviève Fernandes on behalf of herself and on behalf of Central Park West Dental Studio, PLLC and Nuance Dental Studio, PLLC

State of New York   )
                    ) ss.:
County of New York  )

On the ____ day of _____, 2020, before me personally came _____, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the entity upon behalf of which the individual acted, executed the instrument.

_____
NOTARY PUBLIC